An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JACK LONDON; AND SHERRY
LONDON,
Appellants,
vs.
GUS GOLDSMITH, AS BENEFICIARY;
AND FIDELITY NATIONAL
INSURANCE COMPANY, AS TRUSTEE
Respondents.

No. 64148

**FILED**

JUN 0 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

On appeal, appellants contend that the FMP Administrator lacks authority to issue an FMP certificate when the homeowner disputes that his or her loan is in default. We disagree, as the FMP Administrator's authority over a matter arises when the homeowner elects to participate in the FMP. *See* FMR 8(2) (2013) (explaining how "[t]he mediation process under these rules [is] initiated"). That happened here. Once the homeowner elects to mediate, a lender may obtain an FMP certificate by complying with the following four requirements: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011). Appellants do not dispute that respondents complied with these requirements. Thus, the district court

properly denied appellants' petition for judicial review and ordered the issuance of an FMP certificate. We therefore

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Kathleen E. Delaney, District Judge
     Kravitz, Schnitzer & Johnson, Chtd.
     Spencer M. Judd
     Eighth District Court Clerk

---

[1]In light of this disposition, we vacate the stay imposed by our November 21, 2013, order. We note that this disposition should not be construed as preventing either party from pursuing relief outside the context of the FMP.

SUPREME COURT
OF
NEVADA

(O) 1947A